United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-41559
Summary Calendar

ROJELIO GALINDO,

Plaintiff-Appellant,

versus

UNITED STATES DEPARTMENT OF JUSTICE; SUZANNE HASTINGS,

Defendants- Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
(USDC No. 5:04-CV-62)
_____

Before REAVLEY, JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Federal prisoner Galindo appeals the dismissal of his Federal Tort Claims Act

(FTCA) lawsuit on the grounds that he was entitled to equitable tolling of the Act's

statute of limitations at 28 U.S.C. § 2401(b).  Reviewing the record for abuse of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion, we affirm for the following reasons:

1. We have recognized that equitable tolling is available "in limited circumstances to prevent a plaintiff from unjustly losing a claim vigorously pursued." Perez v. United States, 167 F.3d 913, 919 (5th Cir. 1999). A plaintiff who does not act diligently in pursuing his or her claim cannot rely on theories of equity to save that claim. Wilson v. Sec'y of Dept. of Veterans Affairs, 65 F.3d 402, 404-405 (5th Cir. 1995).

2. Galindo's sole argument in favor of equitable tolling is that he and his attorneys were unsuccessful in attempts to contact one another after his transfer from a Texas facility to a New Mexico facility and he was thus unable to file a FTCA lawsuit within six months after denial of his administrative claim.

3. Uncontraverted evidence submitted by the Government shows that Galindo was not transferred to the New Mexico facility until after the six-month limitations period had expired. Nothing in the relevant federal or facility regulations prevented Galindo from communicating with his attorneys from either facility by correspondence, visitation, or telephone. There is no evidence in the record, and Galindo cites to none, indicating that Galindo was subjected to any special restrictions that would have hampered his ability to reach his attorneys. Further, Galindo was, by his own admission, aware of the limitations period. He could have, but did not, file a pro se

2

complaint to preserve his claims.

4.  Galindo has not shown that he exercised such due diligence in pursuing judicial remedies as to be entitled to equitable relief from limitations.  The district court did not abuse its discretion in finding that equitable tolling did not apply and dismissing Galindo's FTCA claim.

AFFIRMED.